UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PATRICIA H.,<br><br>            Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (DOC. NO. 5)**<br><br>Case No. 2:23-cv-00057<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Patricia H.,[1] proceeding pro se, filed an action against the Acting Commissioner ("Commissioner") of the Social Security Administration in Utah's Third District Court on January 5, 2023, challenging the administration's decision regarding her Social Security Disability Insurance benefits.[2] The Commissioner timely removed the action to this court on January 24, 2023, under 28 U.S.C. § 1442(a).[3] On January 31, 2023, the Commissioner filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[4] The Commissioner argues the state court lacked subject-matter jurisdiction over the claim, and thus, pursuant to the derivative jurisdiction doctrine, this court likewise lacks

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the court refers to Plaintiff by her first name and last initial only.

[2] (*See* Ex. 1 to Notice of Removal, Compl., Doc. No. 1-1 at 2); *Patricia H. v. Comm'r of Soc. Sec.*, Case No. 230900074 (3rd Dist. Ct., State of Utah, filed Jan. 5, 2023).

[3] (*See* Notice of Removal Pursuant to 28 U.S.C. § 1442(a), Doc. No. 1.)

[4] (*See* Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Mot. to Dismiss"), Doc. No. 5.)

1

subject-matter jurisdiction.[5] No response was filed. Because the court lacks jurisdiction over this action, the motion to dismiss[6] is granted.[7]

## LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal for lack of subject-matter jurisdiction.[8] A motion to dismiss under Rule 12(b)(1) may take one of two forms—a facial attack or a factual attack.[9] "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[10] "A factual attack, on the other hand, goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[11] The Commissioner's motion presents a facial attack because its only references outside of the complaint and notice of removal are to court records which are subject to judicial notice.[12] When a motion under this rule presents a facial attack based on the allegations in the complaint, the court applies the

---

[5] (*Id.* at 3–4.)

[6] (Doc. No. 5.)

[7] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (*See* Doc. No. 7.)

[8] Fed. R. Civ. P. 12(b)(1).

[9] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[10] *Id.* (internal quotation marks omitted).

[11] *Id.* (internal quotation marks omitted).

[12] *See, e.g.*, *Thurman v. Steidley*, No. 16-cv-554, 2017 U.S. Dist. LEXIS 85725, at *11 (N.D. Okla. June 5, 2017) (unpublished) (concluding a Rule 12(b)(1) motion to dismiss relying on state court records subject to judicial notice presented a facial attack).

standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[13]

The doctrine of derivative jurisdiction provides that a federal court cannot acquire subject-matter jurisdiction over a case upon removal if the initial state court lacked subject-matter jurisdiction.[14] The doctrine applies even if the federal court would have had subject-matter jurisdiction had the case originally been brought in the federal court.[15] In 1986, Congress abolished the derivative jurisdiction doctrine, with courts split on whether the abolition applied to all removed actions or only to actions brought under 28 U.S.C. § 1441, the general removal statute.[16] An amendment in 2002 clarified that the abolition of the doctrine only applies to cases

---

[13] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).

[14] *See Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("[J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none."); *Crow v. Wyo. Timber Prods. Co.*, 424 F.2d 93, 96 (10th Cir. 1970) ("Jurisdiction on removal is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction.").

[15] *See Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("[I]t is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there.").

[16] *See* Judicial Improvements Act of 1985, Pub. L. No. 99-336, § 3, 100 Stat. 633, 637 (1986) (current version at 28 U.S.C. § 1441(f)); *Palmer v. City Nat'l Bank*, 498 F.3d 236, 245 (4th Cir. 2007) (noting a circuit split until Congress's 2002 amendment).

removed under 28 U.S.C. § 1441, leaving cases removed under other statutes—such as 28 U.S.C. § 1442, the federal agency removal statute—still subject to the doctrine.[17]

Because Ms. H. proceeds pro se, her filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by lawyers."[18] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[19] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[20] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[21] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[22]

---

[17] *See* Multiparty, Multiforum Trial Jurisdiction Act of 2002, Pub. L. 107-273, § 11020, 116 Stat. 1758, 1827 (codified at 28 U.S.C. § 1441(f)); *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for the Cnty. of Garfield*, 61 F.4th 1225, 1239 (10th Cir. 2023) (noting that cases removed under 28 U.S.C. § 1442 are still subject to the concept of derivative jurisdiction).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[20] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[21] *Hall*, 935 F.2d at 1110.

[22] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

ANALYSIS

The derivative jurisdiction doctrine mandates the dismissal of this action. As noted above, under this doctrine, if a state court lacks subject-matter jurisdiction, a federal court cannot acquire subject-matter jurisdiction upon removal under 28 U.S.C. § 1442.

The state court did not have subject-matter jurisdiction over this lawsuit. Congress has authorized claimants to challenge the Commissioner's decisions regarding social security benefits, but these suits can only be brought in federal court.[23] Accordingly, a lawsuit challenging the Commissioner's decision on Ms. H.'s disability benefits claim cannot be brought in state court.[24] Because Ms. H. brought this lawsuit in state court, the state court lacked subject-matter jurisdiction over this action. And under the derivative jurisdiction doctrine, removal to federal court does not remedy this; this court likewise lacks subject-matter jurisdiction over this action.[25] The Commissioner's motion to dismiss[26] is granted.

---

[23] *See* 42 U.S.C. § 405(g) (requiring civil suits challenging social security decisions to "be brought in the district court of the United States for the judicial district in which the plaintiff resides"); *Gentry-Smith v. Saul*, No. 19-CV-04055-EFM, 2019 U.S. Dist. LEXIS 200796, at *4 (D. Kan. Nov. 18, 2019) (unpublished) ("The Social Security Act gives federal district courts exclusive jurisdiction over judicial review of final decisions. In other words, state courts lack subject matter jurisdiction to review final decisions of the Social Security Administration." (citing 42 U.S.C. § 405(g), (h))).

[24] *See, e.g.*, *Gentry-Smith*, 2019 U.S. Dist. LEXIS 200796, at *4 (dismissing social security appeal removed from state court, under the derivative jurisdiction doctrine).

[25] As explained above, the derivative jurisdiction doctrine applies because the Commissioner removed the case under 28 U.S.C. § 1442. (*See* Notice of Removal Pursuant to 28 U.S.C. § 1442(a) 2, Doc. No. 1.)

[26] (Doc. No. 5.)

CONCLUSION

Because the state court lacked subject-matter jurisdiction over this matter, this court likewise lacks subject-matter jurisdiction over it, and the Commissioner's motion to dismiss[27] is granted. This action is dismissed without prejudice.[28]

DATED this 6th day of December, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[27] (Doc. No. 5.)

[28] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (providing a dismissal for lack of jurisdiction must be without prejudice).